UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY HOWARD,<br><br>    Petitioner,<br><br>  vs.<br><br>GARY GREENE,<br><br>    Respondent. | No. 9:06-cv-00816-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Jeffrey Howard, state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently in the custody of the New York State Department of Corrections incarcerated at the Great Meadow Correctional Facility. Petitioner was convicted after a jury trial in the Albany Supreme Court of one count each of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Pen. Law § 220.39(1)), Criminal Possession of a Control Substance in the Third Degree (N.Y. Pen. Law § 220.16(1)), and Unlawful Possession of Marijuana (N.Y. Pen. Law § 221.05). Petitioner was sentenced to concurrent indeterminate sentences of 12½ to 25 years on each of the Criminal Sale and Criminal Possession counts.[1] Respondent has filed his response and Petitioner has filed his traverse.

  Petitioner timely appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction on August 4, 2005; the New York Court of Appeals denied leave to appeal on August 27, 2005. *People v. Howard*, 799 N.Y.S.2d 833 (N.Y.A.D.), *lv. denied*, 840 N.E.2d 142 (N.Y. 2005). On November 1, 2005, Petitioner, appearing *pro se*, filed a petition for a writ of error *coram nobis* in the Appellate Division, which denied his petition without opinion or citation to authority on December 29, 2005; the New York Court of Appeals denied leave to

---

[1] Unlawful Possession of Marijuana is punishable solely by a fine. N.Y. Pen. Law § 221.05.

appeal on March 15, 2006.  *People v. Howard*, 847 N.E.2d 379 (N.Y. 2006).  Petitioner timely filed his petition for relief in this Court on June 20, 2006.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).  In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000), which in this case was that of the Appellate Division, Third Department, affirming his conviction.  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If a federal claim has not been adjudicated on the merits, AEDPA deference is not required.  *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003).  In that situation, conclusions of law and mixed questions of fact and conclusions of law are reviewed *de novo*.  *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005).  Where there is no reasoned decision of the state court addressing the ground or grounds raised by the Petitioner on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.  *See Spears v. Greiner*, 459 F.3d 200, 203-04 (2d Cir. 2006) (applying the *Strickland* standards).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief.  This Court may only address violations of federal law.  28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.  Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted).

It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.  *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).  It is also presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In his petition before this Court Petitioner raises a single ground:  Ineffective assistance of appellate counsel for failing to argue that (1) trial counsel was ineffective for failing to argue that petitioner had standing to challenge the search and seizure of the vehicle because he was the registered owner of the vehicle and (2) prosecutorial misconduct for failing to inform the court of Petitioner's grand jury testimony concerning ownership of the car.  Respondent concedes that Petitioner has exhausted his state court remedies.

The ground raised in the petition before this Court was presented to the Appellate Division in Petitioner's application for a writ of error *coram nobis*.  The Appellate Division denied that application without opinion and the Court of Appeals also denied leave without opinion or citation to authority; thus, this Court must independently determine the issue *de novo* on the record before it.

To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.*  Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.  *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).  The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.  *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Apracio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that its not ineffective counsel to fail to raise meritless claims).  "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  *Clark v.*

*Stinson*, 214 F.3d 315, 322 (2d Cir. 2000), quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

> As recited by the Appellate Division (799 N.Y.S.2d at 834), the facts of the crime:
>
> On March 19, 2004, Detective Dennis Guiry of the City of Albany Police Department was conducting a "rip operation" with a confidential informant. The informant paged defendant, who then unknowingly called an Albany Police Department cell phone. The informant answered and ordered $250 of crack cocaine to be delivered to her at the corner of Central and Lexington Avenues in Albany. When defendant arrived at that location in a vehicle driven by his girlfriend, he was arrested, and the police seized a film canister containing three pieces of crack cocaine from the seat where defendant had been riding. The police also seized a small bag of marihuana from defendant's person.

In an omnibus motion filed with the Albany Supreme Court, Petitioner requested a *Mapp* hearing to determine the legality of the seizure of the canister containing the crack cocaine. At the hearing, the following occurred.

> THE COURT: What property is it you're seeking to have suppressed, Mr. Grenz?
>
> MR. GRENZ: He was a passenger in a vehicle that was stopped. When the vehicle was stopped he was taken out of the car and in the car was a film vial and apparently in there was some crack cocaine.
>
> THE COURT: Is he alleging that was his vial?
>
> MR. GRENZ: No.
>
> THE COURT: Oh. Was it his car?
>
> MR. GRENZ: He was not operating the car. Was the car registered to you?
>
> THE DEFENDANT: Registered to me --
>
> (Whereupon defendant and defense counsel conferred)
>
> THE COURT: Was any car presumption charged here, Mr. Calderon?
>
> MR. CALDERON: Automobile presumption was not charged.
>
> THE COURT: What's the standing then, Mr. Grenz?
>
> MR. GRENZ: Well, I think we have, under Mapp and its progeny, I think we have the right to inquire as to --

> THE COURT:  As long as you have standing.  What's your standing with regard to the vial?  Is it yours?  He didn't have it on his possession, correct?  Did he have it on his person?
>
> MR. GRENZ:  The only thing he had on his person --
>
> THE COURT:  Did he have it on his person?
>
> MR. GRENZ: He did not have the vial on his person.
>
> THE COURT:  Are you alleging that it was his vial?
>
> MR. GRENZ:  No. We are denying that.
>
> THE COURT:  Fine.  Then tell me where you have standing.
>
> MR. GRENZ:  I think we have standing to investigate the stop of the vehicle since he is being charged with what was found in the vehicle.
>
> THE COURT:  He didn't allege any Dunaway situation. You allege that there is an illegal search of him or his -- let me step back for a second.  What expectation of privacy can you assert with regard to the area where he stated this --
>
> MR. GRENZ:  He is proceeding down the street.
>
> THE COURT: No.  You said he was a passenger.
>
> MR. GRENZ: Correct.
>
> THE COURT:  What expectation of privacy did he have in the area where the vial was found?
>
> MR. GRENZ:  The expectation of  the car is stopped.  He is not going to be pulled out.  He is not operating.  He wasn't charged with any violation of vehicle and traffic laws of the State.
>
> THE COURT:  Anything further?
>
> MR. GRENZ:  No.
>
> THE COURT: Mr. Calderon, do you wish to be heard?
>
> MR. CALDERON:  I would assert defendant has no standing in this case and would not be entitled to a hearing.
>
> THE COURT:  I would agree.  We'll  get this on for trial as quick as we can.

In his direct appeal, in addition to the ineffective assistance of trial counsel issue, Petitioner raised the issue of the refusal of the Albany Supreme Court to hold a *Mapp* hearing.

In the opening brief to the Appellate Division counsel for Petitioner argued with respect to the *Mapp* hearing issue:

> In the case at bar, the Albany Police Department seized a film canister from the vehicle in which Mr. Howard was traveling. (R. 62-63, 119). Appellant, as the registered owner of the vehicle, had an expectation of privacy that warranted a suppression hearing pursuant to CPL Section 710.60(4). Mr. Howard, the owner of the vehicle, had an expectation of privacy greater than the defendant in Banks, who was a mere lessee. Unlike People v. McElroy, where the court found that a mere passenger lacked the standing to contest the search of vehicle, Appellant in this case was not a mere passenger in the vehicle. 202 A.D.2d 810; 609 N.Y.S.2d 109 (3rd Dept. 1994). Mr. Howard was the registered owner of the vehicle, which afforded him the dominion and control over the vehicle, as well as possessory and ownership rights to it. Such was verified by Appellant in the record. (R. 37).
>
> The vehicle was the object of Appellant's expectation of 'privacy and Appellant did exhibit an expectation of privacy in it, therefore satisfying the first two prongs of the Ramirez test. As to the third prong, given the above circumstances, society would justifiably regard. Appellant's expectation of privacy was reasonable, namely because he was the registered owner and not a mere passenger. As such, a *Mapp* hearing would have been warranted.
>
> Appellant submits that had a *Mapp* hearing been conducted, the evidence would have shown that the search and seizure that resulted in the confiscation of the film canister containing the crack cocaine was not supported by probable cause. The record is devoid of any indication that there was a certain or positive identification of the Appellant made at the time of the seizure. The officers on the scene proceeded to arrest Mr. Howard solely on an identification relayed by telephone by Officer Pat Fox at Traffic Safety, another location several blocks away from where the arrest took place. Officer Fox described a black man driving a black Lexus in the vicinity of Central Avenue Traffic Safety. Said description is common in the specific geographic location of the arrest and cannot be said to provide for an accurate description sufficient to validate this arrest. In fact, the officers only knew that the "target" that day was named "justice" (*sic*) and not Jeffrey Howard.
>
> Moreover, because Appellant was not charged with the automobile presumption but rather constructive possession, a *Mapp* hearing would have resulted in the suppression of the drugs seized. Upon a thorough review of the record, it is apparent that Assistant District Attorney Calderon would not have been able to meet his burden of proof with respect to the legality of the search and seizure.

> Based upon the foregoing, it is clear that the trial court erred with respect to its decision denying Appellant a *Mapp* hearing based upon its finding that he lacked standing to contest the search and seizure of tangible evidence. As demonstrated by case law, Appellant did in fact have standing to contest the legality of the evidence seized, as he was the registered owner of the vehicle in which the canister was found. Therefore, the Trial Court should have granted Appellant a suppression hearing to determine the legality of the search.

In affirming, the Appellate Division held (799 N.Y.S.2d at 834):

> Initially, defendant contends that County Court erred in denying his request for a *Mapp* hearing. We disagree, albeit for reasons somewhat different than those expressed by County Court. Defendant made an omnibus pretrial motion in which he sought dismissal of the indictment, a bill of particulars, discovery, *Brady* material and inspection of the grand jury minutes, as well as *Sandoval* and *Mapp* hearings. In opposition to defendant's motion, the People correctly asserted that, inasmuch as the requested *Mapp* hearing was unsupported by sworn factual allegations supporting the grounds for the motion, the motion should be summarily denied (*see* CPL 710.60[3][b]; *People v. Mendoza,* 82 N.Y.2d 415, 430, 604 N.Y.S.2d 922, 624 N.E.2d 1017 [1993] ).

Petitioner argues before this Court, as he did before the Appellate Division in his petition for a writ of error *coram nobis*, that instead of attacking the trial court's decision, appellate counsel should have argued ineffective assistance of counsel for failing to bring to the attention of the trial court Petitioner's testimony before the grand jury that he owned the vehicle to establish standing. He also argues that appellate counsel should have argued that the prosecutor made false representations to the trial court in arguing that Petitioner lacked standing to seek suppression of the vial, which constituted prosecutorial misconduct.

The critical question in resolving the issue of the failure to bring the testimony of the ownership of the vehicle to the attention of the trial court is: had appellate counsel argued before the Appellate Division the failure of trial counsel to introduce Petitioner's grand jury testimony on his ownership of the vehicle, is there a reasonable probability the result would have been different? That question must be answered in the negative. Although the Appellate Division had all facts concerning Petitioner's ownership of the vehicle before it, and a strong argument on the issue of standing, the Appellate Division did not address that argument on the merits. Instead it

upheld the decision of the Albany Supreme Court on alternative procedural grounds.[2]  While one might possibly conclude that had the Albany County Supreme Court been provided with the same facts and argument, there was a reasonable probability the result before it may have been different, there is simply no reasonable probability that the outcome before the Appellate Division on direct appeal would have differed had appellate counsel made the argument Petitioner claims should have been made.[3]

On the issue of the failure to argue prosecutorial misconduct, appellate counsel advised Petitioner:  "After reviewing the transcripts thoroughly, I concluded that a claim of prosecutorial misconduct is without merit.  The case law sets a very high standard that ADA Calderon's errors do not reach."  As noted above, appellate counsel is not necessarily ineffective for failing to raise every non-frivolous claim.  The Court agrees with appellate counsel in this case.  The prosecutorial misconduct claim is without merit.

Petitioner's complaint is essentially that the prosecutor, who was aware that Petitioner had testified to the ownership of the vehicle, should have brought that to the attention of the trial court instead of arguing that Petitioner did not have standing to assert the claim.  Contrary to Petitioner's arguments, the prosecutor did not make any false representations to the court.  The prosecutor simply stood on his argument that Petitioner lacked standing.  While under *Brady v. Maryland*, 373 U.S. 83 (1963), there is an obligation to disclose to the defendant exculpatory evidence known to the prosecution, as Respondent correctly points out, there is no obligation on the prosecutor to present that evidence to the court.  In the Albany County Supreme Court, the record reflects that it was the court that raised the standing issue, not the prosecutor.  In opposing the omnibus motion with respect to suppressing the tangible evidence, the prosecutor in his written response simply asserted "the  People assert that in view of the failure of defendant to

---

[2] Petitioner did not claim before the Appellate Division, nor does he claim before this Court, that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to comply with the requirements of New York Criminal Procedure Law § 710.60(3)(b).

[3] This is perhaps most graphically illustrated by the fact that the error *coram nobis* petition was filed in the same court and decided by the same judges as rendered the decision on appeal.  It seems logical to assume that if it would have made a difference the same judges of the Appellate Division would not have denied the *coram nobis* petition summarily.

support his conclusory motion with the requisite factual allegations, such motion must be summarily denied," citing supporting authority. This was precisely the point upon which the Appellate Division ultimately affirmed the decision of the Albany County Supreme Court. There was no prosecutorial misconduct.

Alternatively, assuming that it was in fact prosecutorial misconduct, as with the failure of defense counsel to present the ownership evidence to the trial court, it is unlikely that had appellate counsel made the argument championed by Petitioner, there was any reasonable probability the outcome in the Appellate Division would have changed.

Petitioner is not entitled to relief on the ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted). To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, in its decision on appeal, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated: March 31, 2008.

s/ James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
United States District Judge